2001 ND 141

**Dr. Brian D. GALE, Appellant,**

v.

**NORTH DAKOTA BOARD OF PODIATRIC MEDICINE, Appellee.**

No. 20010032.

Supreme Court of North Dakota.

July 30, 2001.

James J. Coles, Coles Law Firm, PC, Bismarck, ND, for appellant.

Gary R. Thune, Special Assistant Attorney General, Pearce & Durick Law Firm, Bismarck, ND, for appellee.

MARING, Justice.

[¶ 1] Dr. Brian Gale appeals from a judgment dismissing his appeal to district court from an order of the North Dakota Board of Podiatric Medicine ("the Board") imposing discipline. We conclude Gale waived his right to challenge the findings of fact on appeal, and we affirm the judgment dismissing his appeal to district court.

I

[¶ 2] Gale is a doctor of podiatric medicine practicing in Bismarck. In 1994, the Board filed a formal complaint against Gale resulting in discipline being imposed for his failure to properly treat a patient and his use of misleading advertising. Gale was placed on unsupervised probation for two years and ordered to pay a civil penalty. We affirmed the Board's order in *Gale v. North Dakota Bd. of Podiatric Med.*, 1997 ND 83, 562 N.W.2d 878.

[¶ 3] After our ruling in *Gale*, the Board acted on additional complaints it had received about Gale. It resolved complaints from four patients through informal proceedings. In August 1997, the Board initiated a formal complaint based upon Gale's treatment of seven other patients. In April 1998, the formal complaint was amended to include complaints by two additional patients, and to drop the complaint of one patient.

[¶ 4] The formal complaint alleged violations of N.D.C.C. § 43–05–16(1)(g), (k), and (u), which provides:

Grounds for disciplinary action.

1. The board may refuse to grant a license or permit or may impose disciplinary action as described in this chapter against any podiatrist. The following conduct, whether occurring in this state or elsewhere, is prohib-

ited and is a basis for disciplinary action:

. . . .

g. Engaging in any unethical conduct; conduct likely to deceive, defraud, or harm the public; demonstrating a willful, careless, or negligent disregard for the health, welfare, or safety of a patient; or podiatric medical practice that is professionally incompetent, in that it may create unnecessary danger to any patient's life, health, or safety regardless of whether an actual injury is proved.

. . . .

k. Engaging in unprofessional conduct that includes any departure from or the failure to conform to the minimal standards of acceptable and prevailing podiatric medical practice.

. . . .

u. A continued pattern of inappropriate care as a podiatrist.

[¶ 5] The formal complaint alleged specific details of Gale's alleged improper treatment of patients [1]:

Brian David Gale, D.P.M., while licensed as a doctor of podiatric medicine by the North Dakota State Board of Podiatric Medicine, and while in the state of North Dakota, violated the provisions of 43–05–16(1)(g), (k), (u), North Dakota Century Code, by:

a. failing to properly treat and care for Patricia J. Lautenschlager. Dr. Gale performed an ankle fusion of the right ankle and a procedure to remove a portion of the medial malleous and reposition pins from the external fixator in March 1993. As a result of the procedures, the ankle was in a position of varus, and the tibia was posteriorly displaced on the talus. Dr. Gale performed a calcaneal osteotomy in March 1994, resulting in residual varus of the foot and pain in the subtalar joint.

. . . .

d. failing to properly treat and care for Margie A. Pulkrabek. Dr. Gale performed a tarsal tunnel release with plantar fascia release on the right foot in December 1994. Ms. Pulkrabek was left with persisting numbness and pain in the right foot following the surgery. A tarsal tunnel release was not indicated. The procedure was not properly performed in that the medial calcaneal nerve was cut.

e. failing to properly treat and care for Geraldene Parsley. Dr. Gale performed a gastrocnemius recession with exploration of the left Achilles tendon on May 2, 1994. The records do not demonstrate this surgery was appropriate and Dr. Gale's post-operative diagnosis did not match the operative findings.

. . . .

g. failing to properly treat and care for Gladys Wright. Dr. Gale performed a total joint implant of the right first metatarsal phalangeal joint in July 1996. The phalangeal component of the implant was in a plantarflexed position after surgery and there was loosening of the distal component. Joint congruity also failed to be kept after surgery. Dr. Gale failed to diagnose loosening of the implant.

h. failing to properly treat and care for Shirley Sailer. Dr. Gale attempted to repair the hallux varus (iatrogenic) of the right foot following a bunion correction in 1990 by another podiatrist. Dr. Gale's June 1996 surgery on the right foot involved

1. The Board subsequently withdrew its complaints against Gale based upon his treatment of the three remaining patients, and we do not detail those allegations.

soft tissue balance and osteotomy of the first metatarsal phalangeal joint. The pre-operation varus of the hallux was approximately 15 degrees; the final position of approximately 20 degrees varus with elevation of the first metatarsal head. Dr. Gale failed to recognize shifting of osteotomy from the earlier x-rays. There was also further loosening of the screw and proximal migration of the capital fragment.

[¶ 6] On June 22, 1998, the Board and Gale entered into a settlement agreement which provided Gale would waive his right to an administrative hearing and the matter would be submitted to an independent expert reviewer to make binding, nonappealable findings of fact. The agreement provided, in pertinent part:

Gale agrees to waive his right to an administrative hearing.

The Board and Gale wish to resolve this matter without an administrative hearing.

. . . .

NOW, THEREFORE, the Board and Gale agree to resolve this matter as follows:

1. The records of patients involved in the complaint will be submitted to an independent expert reviewer selected as outlined in paragraph 3. The independent reviewer will make factual findings regarding whether Gale failed to properly treat and care for the patients. The independent reviewer's factual findings will be binding on both the Board and Gale, and not appealable.

[¶ 7] The parties selected Dr. Adolph Galinski, Associate Dean, Clinical Sciences, Scholl College of Podiatric Medicine, to serve as the independent expert reviewer.

The parties submitted medical records, expert opinions, and briefs to Dr. Galinski. Dr. Galinski issued his report on July 20, 1999, making specific findings that Gale had failed to properly treat and care for each of the five patients. Dr. Galinski also noted that Gale's medical recordkeeping was unacceptable.

[¶ 8] Gale appeared with legal counsel at the Board's regular annual meeting on August 11, 1999. Gale and his attorney informed the Board they believed Dr. Galinski had improperly considered Gale's medical recordkeeping, which had not been alleged in the formal complaint, and they therefore did not consider his report binding. Gale's attorney indicated they were considering an appeal to district court, but suggested that the Board members could serve as independent reviewers, reexamine the medical records of the five patients, and make new findings of fact. After lengthy discussion, and a recess to allow Gale and his attorney to consult, the parties agreed to amend the earlier settlement agreement and have four of the five members of the Board [2] reexamine the records and make binding, nonappealable findings of fact.

[¶ 9] On August 12, 1999, the parties memorialized their new agreement in a written stipulation:

AS AGREED at the Annual Meeting of the Board of Podiatric Medicine held at the Jamestown Hospital in Jamestown, North Dakota on the evening of Wednesday, August 11, 1999, the undersigned legal counsel hereby STIPULATE TO MODIFY the intent and meaning of that Settlement Agreement dated June 22, 1998 (a copy of which is attached hereto and incorporated by reference), as follows:

**2.** The president of the Board, Dr. Aaron Olson, had formerly employed Gale and they were engaged in civil litigation against each other. *See Gale*, 1997 ND 83, 562 N.W.2d 878; *Keator v. Gale*, 1997 ND 46, 561 N.W.2d 286. Dr. Olson therefore did not serve as an independent reviewer.

1. INDEPENDENT REVIEWER: All references to an "independent reviewer" shall be interpreted to mean the following four members of the Board of Podiatric Medicine:

Lee Hofsommer, D.P.M;

Mike Stone, D.P.M.;

Bob Deckert, D.P.M.; and

Doug Moen, M.D.

It is agreed that these four members of the Board shall replace Adolph W. Galinski as the independent reviewers under said Settlement Agreement.

2. ROLE OF NEW REVIEWERS: The above-named reviewers shall review all those briefs and documents, including x-rays, which were provided to and reviewed by Adolph W. Galinski, following which the reviewers may exercise the option of either making further oral inquiry of Dr. Brian Gale or making factual findings regarding whether Gale failed to properly treat and care for patients. The new independent reviewers' factual findings will be binding on both the Board and Gale, and not appealable.

All other provisions of the aforesaid Settlement Agreement shall remain as written in said Agreement.

[¶ 10] In accordance with the parties' agreement, each of the four Board members reviewed copies of the five patients' medical records and other documentation which had been provided to Dr. Galinski. On January 12, 2000, with Gale and his attorney present, the four Board members met by conference call to discuss the matter and provide input to the Board's legal counsel, who would draft proposed findings. After the meeting, the Board's counsel drafted proposed findings. Gale was permitted to submit written documentation and arguments to the Board members regarding the proposed findings. At a meeting on January 27, 2000, the Board members reviewed each of the proposed findings and made changes based upon Gale's written submissions. The Board members then adopted their final Findings of Fact, Conclusions of Law, and Order Imposing Discipline. The Board members unanimously found Gale had failed to properly treat and care for the five patients, and had violated N.D.C.C. § 43–05–16(1)(g), (k), and (u). The Board ordered revocation of Gale's license to practice podiatric medicine, with revocation stayed for a five-year probationary period during which Gale's practice would be limited to non-operative podiatric care. Gale was also ordered to attend retraining sessions and to pay fees and costs of the disciplinary proceedings.

[¶ 11] Gale appealed from the Board's order to the district court. The district court concluded Gale had waived his right to appeal and dismissed the appeal.[3] Gale appealed to this Court.

II

[¶ 12] On appeal, Gale raises numerous challenges to the procedures and methods used by the Board members in reaching their findings of fact. Gale also asserts they ignored the opinion submitted by his expert witness and failed to clarify inconsistencies in the medical evidence. We conclude Gale waived his right to raise these challenges to the findings of fact.

[¶ 13] Under N.D.C.C. § 28–32–05.1, the parties to an administrative proceeding may, by stipulation, waive the right to an administrative hearing and formal disposition, and agree to some other form of informal disposition. A party to an administrative proceeding may also

---

3. The district court alternatively concluded the evidentiary record supported the Board's decision.

waive the right to an appeal. *Steen v. North Dakota Dep't of Human Servs.,* 1997 ND 52, ¶ 35, 562 N.W.2d 83.

[¶ 14] Waiver is a voluntary and intentional relinquishment of a known existing advantage, right, privilege, claim, or benefit. *Stuart v. Stammen,* 1999 ND 38, ¶ 12, 590 N.W.2d 224; *Diversified Fin. Sys., Inc. v. Binstock,* 1998 ND 61, ¶ 16, 575 N.W.2d 677. A waiver can be made expressly or be inferred from conduct. *Tormaschy v. Tormaschy,* 1999 ND 131, ¶ 12, 596 N.W.2d 337; *Diversified Fin. Sys.,* at ¶ 16. Once the right is waived, the right or privilege is gone forever, and the waiver cannot be extracted, recalled, or expunged. *Tormaschy v. Tormaschy,* 1997 ND 2, ¶ 19, 559 N.W.2d 813. When parties conduct themselves in a manner which clearly constitutes a waiver, they cannot later claim they did not know their actions amounted to a voluntary and intentional waiver of their rights, because one who consents to an act is not wronged by it. *Tormaschy,* 1999 ND 131, ¶ 12, 596 N.W.2d 337. Although existence of waiver is ordinarily a question of fact, if the circumstances of a claimed waiver are admitted or clearly established and reasonable persons can draw only one conclusion from those circumstances, the existence or absence of waiver is a question of law. *Hanson v. Cincinnati Life Ins. Co.,* 1997 ND 230, ¶ 13, 571 N.W.2d 363.

[¶ 15] Gale does not challenge the validity of the waiver in this case. Gale twice expressly agreed in writing that the findings of fact of the independent reviewers would be binding and nonappealable.

[¶ 16] Gale's arguments on appeal all constitute challenges to the findings of fact. For example, he argues that the Board members should have clarified inconsistencies in the medical evidence; that the Board members relied upon their own expertise and ignored the opinion of Gale's expert; and that the Board members should have explicitly set out the standard of care they were applying in each of the five cases. All of Gale's arguments constitute challenges to the findings of fact which he waived in the original settlement agreement and the stipulated modification of that agreement.

[¶ 17] We conclude the district court did not err in concluding Gale had waived his right to appeal and in dismissing Gale's appeal from the Board's order imposing discipline. The judgment of dismissal is affirmed.

[¶ 18] WILLIAM A. NEUMANN, Acting C.J., DALE V. SANDSTROM, J., LAWRENCE A. LECLERC and WILLIAM W. McLEES, D.JJ., concur.

[¶ 19] The Honorable LAWRENCE A. LECLERC, D.J., and the Honorable WILLIAM W. McLEES, D.J., sitting in place of VANDE WALLE, C.J., and KAPSNER, J., disqualified.