Filed 6/3/04 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2004 ND 110

Timothy J. Karsky, in 

his official capacities  

as Commissioner of the 

North Dakota Department 

of Financial Institutions,

and as Conservator of 

NoDak State Trust Company, Plaintiff and Appellee

v.

Jane Dorothea Kirby, an 

individual person, Defendant and Appellant

         and

Dr. Thomas J. Clifford,

in his capacity as

president of NoDak State

Trust Company,                                                                                          Defendant

No. 20030354

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Burt L. Riskedahl, Judge.

AFFIRMED.

Opinion of the Court by Neumann, Justice.

Scott A. Miller (argued), Assistant Attorney General, and Douglas Bruce Anderson (on brief), Assistant Attorney General, Attorney General’s Office, 500 North 9th Street, Bismarck, N.D. 58501-4509, for plaintiff and appellee.

Thomas D. Kelsch (argued) and Thomas F. Kelsch (on brief), Kelsch, Kelsch, Ruff & Kranda, P.O. Box 1266, Mandan, N.D. 58554-7266, for defendant and appellant.

Karsky v. Kirby

No. 20030354

Neumann, Justice.

[¶1] Jane Dorothea Kirby appealed from a district court judgment appointing a receiver to liquidate NoDak State Trust Company (“NoDak”).  We hold that Kirby waived her right to an administrative hearing under N.D.C.C. § 6-08-08.1(6) from the State Banking Board’s (“Board”) denial of her application to acquire control of NoDak, and we affirm.

I

[¶2] NoDak is a trust company that was formed in the spring of 1963.  In 1990, it was placed in conservatorship by the Board.  In 2001, defendant Kirby’s husband transferred his stock in NoDak to her when he became seriously ill.  Subsequently, the Commissioner of the North Dakota Department of Financial Institutions informed Kirby she had failed to obtain that agency’s approval of the transfer.  The Commissioner brought a suit in 2002 to dissolve and liquidate NoDak, asserting the company lacked authority to exercise banking business.  

[¶3] On February 11, 2003, the parties entered into a stipulation resolving issues raised by the Commissioner.  The stipulation provided that Kirby could file an application for approval by the Board for her to acquire control of NoDak.  The stipulation was incorporated into a judgment on April 28, 2003.  

[¶4] Kirby filed an application to acquire control, which was denied by the Board.  The Commissioner then filed a motion to reopen the case and requested the district court to appoint a receiver to liquidate NoDak.  The court granted the motion and entered judgment in favor of the Commissioner, from which Kirby filed this appeal.

II

[¶5] Section 6-08-08.1(6), N.D.C.C., gives an applicant a right to a hearing when an application for approval of the transfer of ownership of a banking institution is denied by the Board:

Within twenty days after receipt of the notice of disapproval, the applicant may request a hearing on the disapproval.  The board must conduct a hearing, if requested, under the provisions of chapter 28-32.  At the conclusion of the hearing, the board shall by order approve or disapprove the application on the basis of the record at the hearing.

[¶6] Kirby claims she was denied her statutory right to a hearing on the Board’s denial of her application to acquire control of NoDak.  The district court ruled against Kirby on this issue and explained its reasoning in its November 12, 2003 memorandum opinion:

In mid-February 2003, all of the parties, including Dr. Clifford, entered into a stipulation as a way of resolving the issues in the litigation.  The provisions of the stipulation were incorporated into a judgment which was entered of record on April 28, 2003. 

[D]efendant Kirby was authorized to submit a revised application to acquire control of a trust company and set time lines and standards for an application that if approved by the State Banking Board, could result in restoration of the entity and authorization for Ms. Kirby to transfer ownership interest to new owners for the purpose of capitalizing the trust company and making it operational.

Ms. Kirby, through counsel, did submit documents which she contends constituted a proper application in accordance with the judgment requirements, which application was denied by the Banking Commissioners at their meeting on July 31, 2003.  At the same meeting, the Board approved a motion to proceed with the liquidation and dissolution of NoDak State Trust Company, which action gave rise to the present “motion to re-open.”

. . . .

The crux of the matter presently before the Court, and the issue to be decided, is whether or not the Court can order the appointment of a receiver for purposes of liquidation, or whether such action would be premature and would deprive the defendant Kirby of statutory rights to seek administrative review of the Banking Board’s decision denying her application in July 2003.

. . . .

It is this Court’s conclusion that the defendant has waived her right to further legal proceedings, and that the appointment of a receiver for purposes of liquidation is both timely and in accordance with the Judgment of the Court.

While in the ordinary course of events a decision of the State Banking Board denying an application would be reviewable in accordance with the statutory provisions cited by the defense, this Court concludes that the agreement reached by the parties and adopted by the Court in its Judgment contemplated that an unsuccessful last application attempt by the defendant would bring a close to the entity known as NoDak State Trust Company.

The language of the Judgment, based on the stipulation, cannot be construed to be anything other than a waiver of additional proceedings if the defendant’s subsequent new application was denied.

[¶7] Kirby argues that under the clear and unambiguous terms of the stipulation she was entitled to and did not waive her right to an administrative review of the Board’s decision.  Relevant to this issue, the stipulation provides: 

N.D.C.C. § 6-08-08.1 (“Sale or purchase of associations, banking institutions or holding companies—Notification to commissioner—Hearing”), in its entirety, and N.D.C.C. Admin. Code Article 13-01.1 (“Department of Financial Institutions”—“Practice and Procedure”), [are] applicable to NoDak State Trust Company.

. . . .

Defendant Kirby agrees that, should she intend to acquire to control of NoDak Trust, she must submit a revised application . . . to the North Dakota State Banking Board for approval or disapproval.

. . . .

Defendants Kirby and Clifford agree that . . . should the North Dakota State Banking Board disapprove defendant Kirby’s application . . . the plaintiff may proceed with the administrative or judicial dissolution 

and liquidation of  NoDak Trust, on various grounds, to which they waive any objection, including abandonment of purpose.

[¶8] When a stipulation is incorporated into a judgment, we are concerned only with interpretation and enforcement of the judgment, not with the underlying contract.  
Botner v. Botner
, 545 N.W.2d 188, 190 (N.D. 1996).  Interpretation of a judgment is a question of law, and an unambiguous judgment may not be modified, enlarged, restricted, or diminished.  
Greenwood v. Greenwood
, 1999 ND 126, ¶ 8, 596 N.W.2d 317. The question whether a judgment is ambiguous is a question of law.  
Id.
  When a judgment is clarified by the same trial judge who entered it, we afford the clarification considerable deference.  
Orvedal v. Orvedal
, 2003 ND 145, ¶ 6, 669 N.W.2d 89.  

[¶9] By stipulation, as incorporated in the April 28, 2003 judgment, the parties agreed that should the Board disapprove Kirby’s application for transfer the Commissioner may proceed with dissolution and liquidation of NoDak.  The trial judge, who presided over the prior proceedings and entered the original judgment, clarified “the language . . . cannot be construed to be anything other than a waiver of additional proceedings if [Kirby’s] subsequent new application was denied.”  

[¶10] Parties to administrative proceedings may, by stipulation, waive their rights to administrative hearings and formal dispositions.  
Gale v. North Dakota Board of Podiatric Medicine
, 2001 ND 141, ¶ 13, 632 N.W.2d 424.  We accord the trial court’s clarification of the judgment deference and agree the judgment was unambiguous on this matter.  Although the provisions of N.D.C.C. § 6-08-08.1 were applicable to the parties, the judgment contains an explicit exception to the statute’s application, waiving Kirby’s right to a review hearing or to make any objection to the denial of her application by the Board.  Kirby voluntarily relinquished her right to a hearing on the Board’s decision, and she cannot now retract or object to the waiver.  
See
 
Gale
, 2001 ND 141, ¶ 14, 632 N.W.2d 424.  

III

[¶11] Because Kirby waived her statutory right to a hearing on the denial of her application for transfer of control, we hold the court’s appointment of a receiver to liquidate NoDak is in accordance with the prior judgment and not premature. 

[¶12] The judgment of the district court is affirmed.  

[¶13] William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.