# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2022 ND 113

Dr. Jacob Schmitz,                                            Plaintiff and Appellant

      v.

North Dakota State Board of
Chiropractic Examiners,                                  Defendant and Appellee

No. 20210135

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Michael J. Geiermann, Bismarck, ND, for plaintiff and appellant.

Nathan J. Svihovec, Special Assistant Attorney General, Bismarck, ND, for defendant and appellee.

# Schmitz v. State Board of Chiropractic Examiners
## No. 20210135

**Jensen, Chief Justice.**

[¶1]   Dr. Jacob Schmitz appeals from a district court judgment affirming the final order of the State Board of Chiropractic Examiners ("Board") imposing discipline against him. He also appeals from an order entered after a limited remand denying his motion for post-judgment relief under N.D.R.Civ.P. 60(b). We conclude the Board's final order, adopting an administrative law judge's ("ALJ") recommended order for summary judgment, erred in granting summary judgment on the Board's claims against Dr. Schmitz. We reverse the judgment and the Board's final order and remand the case to the Board to conduct an evidentiary hearing and to supplement the administrative record.

I

[¶2]   Dr. Schmitz is a chiropractor licensed to practice in North Dakota. Dr. Schmitz owns and practices chiropractic at Freedom Chiropractic Health Center in Fargo, North Dakota.

[¶3]   In March 2019 the Board issued an administrative complaint against Dr. Schmitz. The complaint alleges that Dr. Schmitz failed to maintain the chiropractic standard of care for patient and clinical billing records in violation of N.D. Admin. Code § 17-03-01-01(3), that Dr. Schmitz's membership plans are in violation of N.D. Admin Code § 17-03-01-05, and that Dr. Schmitz used Noridian Medicare Private Contract (Noridian) and Advanced Beneficiary Notice (ABN) forms to have patients opt out of Medicare in violation of N.D. Admin. Code § 17-03-01-01(4). Dr. Schmitz denied the allegations and sought dismissal of the complaint with prejudice.

[¶4]   The Board requested the Office of Administrative Hearings ("OAH") to appoint an ALJ to conduct an evidentiary hearing and issue recommended findings of fact, conclusions of law, and order. Both Dr. Schmitz and the Board moved for summary judgment. The ALJ held a telephonic hearing on the competing motions for summary judgment, issued a recommended order

1

granting the Board's summary judgment motion on each of the claims, and cancelled the previously scheduled evidentiary hearing.

[¶5] In April 2020 the Board held a special meeting to discuss the recommended order followed by an open meeting during which the Board accepted the ALJ's recommended order. In May 2020 the Board held a second special meeting followed by an open meeting during which the final order was approved. The Board subsequently issued its final order, which concluded Dr. Schmitz had committed 18 separate violations of law and imposed discipline for those violations, including significant civil penalties.

[¶6] Dr. Schmitz appealed to the district court. The court affirmed the Board's final order and Dr. Schmitz initiated this appeal. While on appeal to this Court, the case was remanded for the district court to consider Dr. Schmitz's motion seeking post-judgment relief under N.D.R.Civ.P. 60. The court denied the requested relief.

II

[¶7] Section 43-06-04.1(1), N.D.C.C., provides that the Board "shall administer the provisions of [N.D.C.C. ch. 43-06] and the administrative rules of the board relating to the practice of chiropractic" and "has all powers, rights, and duties as provided in chapter 28-32." *See also* N.D.C.C. 28-32-01(2) (defining administrative agency to mean board, bureau, commission, department, or other administrative unit of the executive branch of state government). Section 43-06-15(7), N.D.C.C. (2019), stated:

> If, based on the investigation or report from a peer review committee, the board has reasonable cause to believe that there is a basis for further proceedings, the board shall prepare a complaint and serve it, along with a notice of hearing, on the licensed chiropractor and *thereafter proceed with a hearing on the matter under chapter 28-32.*

(Emphasis added.)

[¶8] The Administrative Agencies Practice Act ("AAPA"), N.D.C.C. ch. 28-32, governs appeals from the Board's disciplinary orders. Courts exercise limited

review in administrative appeals under N.D.C.C. ch. 28-32. *Frokjer v. N.D. Bd. of Dental Exam'rs*, 2009 ND 79, ¶ 9, 764 N.W.2d 657; *N.D. State Bd. of Med. Exam'rs v. Hsu*, 2007 ND 9, ¶ 11, 726 N.W.2d 216. Under N.D.C.C. § 28-32-46, the district court must affirm the order of the administrative agency unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

[¶9] On appeal from the district court's decision in an administrative appeal, this Court reviews the agency order in the same manner. N.D.C.C. § 28-32-49; *Frokjer*, 2009 ND 79, ¶ 9; *Hsu*, 2007 ND 9, ¶ 12. An agency's decisions on questions of law are fully reviewable. *Frokjer*, at ¶ 9; *Hsu*, at ¶ 12. This Court, however, exercises restraint in reviewing an agency's findings of fact and does not substitute its judgment for that of the agency or make independent findings of fact. *Hsu*, at ¶ 12; *see also Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D. 1979). In applying the preponderance-of-evidence standard, this Court decides only whether a reasoning mind reasonably could have decided the Board's factual conclusions were proved by the weight of the evidence from the entire record. *Singha v. N.D. State Bd. of Med. Exam'rs*, 1998 ND 42, ¶ 14, 574 N.W.2d 838; *Power Fuels*, at 220. This Court does not act as a "super board" when reviewing administrative agency decisions. *Singha*, at ¶ 14 (citing *Skjefte v. Job Serv. N.D.*, 392 N.W.2d 815, 817 (N.D. 1986)).

3

[¶10] Dr. Schmitz argues that the Board erred in granting summary judgment. He acknowledges that both parties moved for summary judgment under N.D.R.Civ.P. 56 at the administrative level, but he contends his summary judgment motion was to eliminate the unlawful claims against him. He argues the ALJ erred in finding no material facts were in dispute and canceling the scheduled evidentiary hearing.

[¶11] Under N.D.C.C. § 43-06-15(7), after the Board prepares and serves its complaint with a notice of hearing on the licensed chiropractor, a hearing on the matter must be conducted under N.D.C.C. ch. 28-32. Section 28-32-21, N.D.C.C., provides the procedures that all administrative agencies "shall comply with" in adjudicative proceedings. Section 28-32-21(2), N.D.C.C., specifically states, "At any hearing in an adjudicative proceeding, the parties shall be afforded opportunity to present evidence and to examine and cross-examine witnesses as is permitted under sections 28-32-24 and 28-32-35." "In administrative contexts, we have held a hearing generally contemplates the presentation of evidence and testimony." *Singha v. N.D. State Bd. of Med. Exam'rs*, 1998 ND 42, ¶ 28, 574 N.W.2d 838; *see also Gale v. N.D. Bd. of Podiatric Med.*, 1997 ND 83, ¶ 20, 562 N.W.2d 878. Dr. Schmitz is entitled to an evidentiary hearing under N.D.C.C. § 28-32-21 on the Board's complaint against him.

[¶12] This Court has explained, however, that parties to administrative proceedings may, by stipulation, waive their rights to administrative hearings and formal dispositions and agree to some other form of informal disposition. *See* N.D.C.C. § 28-32-22; *Karsky v. Kirby*, 2004 ND 110, ¶ 10, 680 N.W.2d 257; *Gale v. N.D. Bd. of Podiatric Med.*, 2001 ND 141, ¶ 13, 632 N.W.2d 424. Section 28-32-22, N.D.C.C., provides for informal disposition of an adjudicative proceeding, stating:

> Unless otherwise prohibited by specific statute or rule, informal disposition may be made of any adjudicative proceeding, or any part or issue thereof, by stipulation, settlement, waiver of hearing, consent order, default, alternative dispute resolution, or other

informal disposition, subject to agency approval. Any administrative agency may adopt rules of practice or procedure for informal disposition if such rules do not substantially prejudice the rights of any party. Such rules may establish procedures for converting an administrative matter from one type of proceeding to another type of proceeding.

The Board argues summary judgment was properly granted because the Board afforded Dr. Schmitz a meaningful opportunity to respond to the Board's evidence and he failed to present any evidence that a genuine issue of material fact existed. The Board contends that under N.D.C.C. § 28-32-01(1) the adjudicative proceeding includes any informal disposition under N.D.C.C. § 28-32-22 or another specific statute or rule, and that our summary judgment standard under N.D.R.Civ.P. 56 is embodied in the OAH administrative rule, N.D. Admin. Code § 98-02-03-01. The Board asserts the Board afforded Dr. Schmitz a hearing on the motions and Dr. Schmitz "acquiesced" to a summary disposition, *i.e.*, informal disposition, of the administrative proceeding by moving for summary judgment.

[¶13] In *Env't L. & Pol'y Ctr. v. N.D. Pub. Serv. Comm'n*, 2020 ND 192, ¶ 19, 948 N.W.2d 838, this Court discussed harmonizing the Rules of Civil Procedure with the AAPA statutory provisions:

> This Court has harmonized the Rules of Civil Procedure with AAPA provisions in appeals from an agency to the district court when there was no inconsistency between the statutes and the rules. *See Reliance Ins. Co. v. Pub. Serv. Comm'n*, 250 N.W.2d 918, 922-23 (N.D. 1977) (concluding service was timely because relevant AAPA provisions, consistent with the Rules of Civil Procedure, allowed service by mail and implied service is completed or effective upon mailing rather than upon receipt of the notice); *see also Dunn v. N.D. Dep't of Transp.*, 2010 ND 41, ¶ 16, 779 N.W.2d 628; *Lewis v. N.D. Workers Comp. Bureau*, 2000 ND 77, ¶ 7, 609 N.W.2d 445; *Lende v. N.D. Workers' Comp. Bureau*, 1997 ND 178, ¶ 30, 568 N.W.2d 755. *But compare Colgate-Palmolive Co. v. Dorgan*, 225 N.W.2d 278, 282 (N.D. 1974) (stating in the context of N.D.R.Civ.P. 37, which grants a court authority to dismiss a complaint or strike a defense on a party's failure to comply with discovery: "There appears no authority for

5

transplanting the Rules of Civil Procedure into administrative proceedings. Granting an administrative agency, with prosecutory and adjudicative functions, powers coextensive with the courts would raise serious constitutional questions."), *with Reliance Ins. Co.*, at 922 (explaining it was "obvious" the Court in *Colgate-Palmolive* "did not conclude that the Rules of Civil Procedure do not apply to administrative agencies" and was "highly improbable ... [it] intended to reverse its holding in *Evanson v. Wigen*, 221 N.W.2d 648 (N.D. 1974), which held that Rule [55], N.D.R.Civ.P., and Rule 43(e), N.D.R.Civ.P., apply to administrative agencies without even mentioning the *Evanson* case."). We also note the AAPA in certain sections specifically incorporates the North Dakota Rules of Civil Procedure, particularly regarding issues of service, amended and supplemental pleadings, and discovery. *See, e.g.*, N.D.C.C. §§ 28-32-21, 28-32-25, 28-32-33, and 28-32-39.

[¶14] In *Steele v. N.D. Workmen's Comp. Bureau*, 273 N.W.2d 692, 700-01 (N.D. 1978), this Court analyzed N.D.C.C. ch. 28-32 and "conclude[d] that a formal hearing is required whenever the administrative agency acts in a quasi-judicial capacity unless the parties either agree otherwise or there is no dispute of a material fact." This Court did not rule out "the use of an informal hearing (a non-evidentiary hearing) for making an initial determination [as long as] the [administrative agency provides] . . . a formal hearing (an evidentiary hearing) upon request *if a dispute of a material fact exists*, as contemplated by the due process requirements set out by the legislature in Ch. 28-32, NDCC." *Steele*, at 701 (emphasis added). *See also Singha*, 1998 ND 42, ¶ 26 (discussing *Steele*, at 701).

[¶15] Section 54-57-05, N.D.C.C., provides that the OAH director shall adopt rules of administrative practice or procedure to implement N.D.C.C. ch. 28-32 and to aid in the course and conduct of all administrative hearings and related proceedings under N.D.C.C. ch. 28-32. Section 98-02-03-01, N.D. Admin. Code, was adopted, which requires an ALJ to conduct an evidentiary hearing to resolve genuine issues of material fact. This rule provides:

An evidentiary hearing need be conducted only in cases where genuine issues of material fact must be resolved. When it appears from pleadings, admissions, stipulations, affidavits, or other

6

documents that there are no matters of material fact in dispute, the hearing officer, upon motion of a party or upon the hearing officer's own motion, may conclude that the hearing can proceed without conducting an evidentiary hearing and enter an order so finding, vacating the hearing date if one has been set. Before entering an order, the hearing officer may fix a time for filing briefs or taking oral argument.

This rule comports with our prior decision in *Steele* and decisions addressing summary judgment under N.D.R.Civ.P. 56. Our standard for reviewing summary judgment is also well established:

In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, *giving that party the benefit of all favorable inferences which can reasonably be drawn from the record*. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*State by Workforce Safety & Ins. v. Oden*, 2020 ND 243, ¶ 29, 951 N.W.2d 187 (quoting *Brock v. Price*, 2019 ND 240, ¶ 10, 934 N.W.2d 5) (emphasis added).

[¶16] Dr. Schmitz argues that in moving for summary judgment under N.D.R.Civ.P. 56, he did not acquiesce to an informal disposition of the complaint under N.D.C.C. § 28-32-22, thereby waiving his right to an evidentiary hearing under N.D.C.C. § 28-32-21. He contends he moved for summary judgment on the basis the Board's claims against him did not have any legal basis and argues no litigant has to litigate claims that have no basis in law. Generally, "[w]aiver is a voluntary and intentional relinquishment of a known existing advantage, right, privilege, claim, or benefit[,]" and "[a] waiver

7

can be made expressly or be inferred from conduct." *Gale*, 2001 ND 141, ¶ 14. "[A]cquiescence," however, means "[a] person's tacit or passive acceptance" or "implied consent to an act." *Black's Law Dictionary* 29 (11th ed. 2019). We reject the Board's assertion that, in the administrative context, a party's filing of a motion that could be dispositive before an ALJ constitutes an affirmative stipulation to resolve the matter by informal disposition under N.D.C.C. § 28-32-22, or a waiver of an evidentiary hearing under N.D.C.C. § 28-32-21. Such a stipulation or waiver should be done expressly and definitively, rather than by divining the implication of a motion that could potentially be dispositive of claims in an adjudicative proceeding. Moreover, even if this Court applies our standards under N.D.R.Civ.P. 56 for reviewing summary judgment as a matter of law, such a disposition would not be appropriate in this adjudicative proceeding.

[¶17] Generally, under *Power Fuels*, this Court gives significant deference to an agency's findings of fact, deciding only whether "a reasoning mind reasonably could have decided" the factual conclusions were proved by the weight of the evidence from the entire record. *Singha*, 1998 ND 42, ¶ 14. Here, however, rather than issuing recommended findings of fact after an evidentiary hearing, the ALJ issued a recommended statement of undisputed facts, containing 41 statements of fact. The ALJ also provided a method for determining "undisputed facts," noting that "while each party asserts that the facts are undisputed, they do not always agree what those undisputed facts are" and "[e]ach takes issue with various facts asserted to be undisputed by the other." The ALJ explained that the recommended statement of undisputed facts was "drawn from the parties own proposed statements of undisputed facts, examination of the exhibits provided by the parties, *and inferences which can be drawn from the evidence*." (Emphasis added.) The ALJ's statements clearly indicate that the parties had not stipulated to the statement of undisputed facts and the ALJ engaged in fact-finding. *See THR Mins., LLC v. Robinson*, 2017 ND 78, ¶ 15, 892 N.W.2d 193 ("[W]hen the facts are undisputed and more than one inference may be drawn, the determination of the inference drawn is a finding of fact.").

[¶18] This Court has held that "[a] motion for summary judgment is not an opportunity to conduct a mini-trial." *Hamilton v. Woll*, 2012 ND 238, ¶ 13, 823 N.W.2d 754 (quoting *Farmers Union Oil Co. v. Smetana*, 2009 ND 74, ¶ 11, 764 N.W.2d 665). "This Court has repeatedly held that summary judgment is inappropriate if the court must draw inferences and make findings on disputed facts to support the judgment." *Id.* (citation omitted). Moreover, "[e]ven if the facts are undisputed, summary judgment may not be granted if reasonable differences of opinion exist as to the inferences to be drawn from those facts." *Williston Educ. Ass'n v. Williston Pub. Sch. Dist. No. 1*, 2016 ND 42, ¶ 15, 876 N.W.2d 437 (quoting *Hamilton*, at ¶ 9) ("However, issues of fact become issues of law if reasonable persons could reach only one conclusion from the facts."). Despite the parties' cross-motions for summary judgment, we conclude the ALJ improperly made extensive findings of fact from the written record, which are inappropriate in a summary judgment proceeding.

[¶19] On this record, we conclude reasonable persons could reach more than "one conclusion from the facts." We therefore conclude the ALJ improperly conducted a "mini-trial" under the guise of summary judgment when significant material fact disputes exist, including the appropriate chiropractic standard of care; Dr. Schmitz's intent in failing to comply with "substantial provisions" of federal, state, or local laws, rules, or regulations governing the practice; and the appropriate amount of civil penalties. By purporting to decide the Board's complaint against Dr. Schmitz as a matter of law, the usual separation-of-powers rationale for deference afforded to the Board's findings of fact does not apply.

[¶20] Because the Board erred in accepting the ALJ's recommended order and failing to hold the evidentiary hearing required by statute, we reverse and remand to the Board for an evidentiary hearing as specifically contemplated under N.D.C.C. §§ 43-06-15 and 28-32-21.

IV

[¶21] Dr. Schmitz contends the two executive sessions held by the Board in April 2020 and May 2020 were illegal, unlawful, and deprived him of the due process of law, a fair hearing and rights under the open meetings and open

records law. On this issue, a parallel case has already established the Board violated the open meetings and records law in the prior proceedings, and required release of additional portions of the executive meeting. In *Schmitz v. State Bd. of Chiropractic Exam'rs*, 2022 ND 52, ¶¶ 1, 23, 971 N.W.2d 892, we declined to address Dr. Schmitz's allegation that his right to due process was violated by the district court's in-camera review because it was not properly preserved, reversed the court's denial of attorney's fees, and remanded for additional portions of the executive sessions to be disclosed to Dr. Schmitz and for a determination of an appropriate attorney's fees award. Because we are reversing the Board's order and remanding for an evidentiary hearing, we decline to address this issue further in this appeal.

V

[¶22] Dr. Schmitz raises a number of other issues on appeal. Among other things, he argues N.D. Admin. Code § 17-03-01-01(3) regarding the chiropractic standard of care for patient and billing records is unenforceable, void for vagueness, and an unlawful delegation of legislative authority. He argues N.D. Admin. Code § 17-03-01-05 addressing prepaid care plans is unenforceable and an unauthorized and improper delegation of legislative authority. He also argues granting summary judgment against him for using Noridian and ABN forms to have patients opt out of Medicare in violation of N.D. Admin. Code § 17-03-01-01(4) was reversible error. Dr. Schmitz challenges the Board's final order in adopting certain findings of fact and conclusions of law. He further contends he was denied due process of law, including open meetings law violations, failure to conduct an evidentiary hearing on the complaint, and alleged bias on behalf of the Board. Because we are reversing the Board's final order and remanding for an evidentiary hearing, we decline to address his various issues in this appeal.

VI

[¶23] Dr. Schmitz argues the Board's imposition of fees and fines against Dr. Schmitz violates the excessive fines clause of the North Dakota and U.S. Constitutions. N.D. Const. art. I, § 11; U.S. Const. amend. VIII. Although we are reversing the Board's order, including its imposition of discipline, we

10

address this issue because it is likely to arise on remand if the Board again decides to impose statutory fees and fines. *See State by & through Workforce Safety & Ins. v. Felan*, 2021 ND 97, ¶ 15, 960 N.W.2d 805; *City of Bismarck v. Mariner Const., Inc.*, 2006 ND 108, ¶ 20, 714 N.W.2d 484.

[¶24] In *State by & through Workforce Safety & Ins. v. Boechler, PC*, 2022 ND 98, ¶ 15, we noted the excessive fines clause, U.S. Const. amend. VIII, applies to state governments:

> The excessive fines clause was recently held to apply to state governments through the Fourteenth Amendment. *Timbs v. Indiana*, 139 S. Ct. 682 (2019). There is no dispute that the clause constrains WSI, or that the administrative penalties at issue here are "fines." . . . Because the parties do not argue that the term "excessive" carried a different meaning in 1889 when the state's excessive fines clause was adopted, we apply federal precedent to the Eighth Amendment claim and consider it persuasive in applying the state clause. In *United States v. Bajakajian*, 524 U.S. 321, 334 (1998), the United States Supreme Court concluded the federal excessive fines clause is violated if the fine is "grossly disproportional to the gravity of a defendant's offense." In deriving a constitutional excessiveness standard, the Supreme Court relied upon two considerations: 1) "judgments about the appropriate punishment for an offense belong in the first instance to the legislature," and 2) "any judicial determination regarding the gravity of a particular criminal offense will be inherently imprecise." *Id.* at 336.

We also analyzed the issue of excessive fines under *Bajakajian*, 524 U.S. at 334, in *Black Hills Trucking, Inc. v. N.D. Indus. Comm'n*, 2017 ND 284, ¶ 25, 904 N.W.2d 326.

[¶25] In providing for discipline when the Board determines that offenses charged have been committed, N.D.C.C. § 43-06-15(8)(f) (2019) stated the Board may, among other things:

> (1)   Require payment of all costs of proceedings resulting in a disciplinary action.

11

(2)     Impose a civil penalty not exceeding ten thousand dollars for each separate violation, *to deprive the chiropractor of any economic advantage gained by reason of the violation found* and to reimburse the board for the cost of the investigation and proceedings.

(Emphasis added.) In its recommended order, the ALJ declined to recommend the disciplinary action the Board should take and, instead, set forth six "observations" the Board "may find beneficial in making its decision." The ALJ further stated that if the Board adopted the recommended order for summary judgment, the Board "may also wish to consider a hearing for the limited purpose of addressing appropriate sanctions."

[¶26] While the Board imposed a total monetary amount of $123,000 of fines and fees, plus the cost of six quarters of monitoring, the final order does not discuss or provide findings on how the specific civil penalty amounts for the violations were reached, other than being within the range allowed by statute for a violation of a particular rule and generally stating "to deprive Dr. Schmitz of any economic advantage gained by reason of the violation found." The Board does not explain why it disregarded the ALJ's recommendation for a hearing on the appropriate civil penalties. Because we are reversing and remanding for an evidentiary hearing, this issue should also be addressed and resolved if the Board again decides to impose discipline including fines and fees.

VII

[¶27] Dr. Schmitz argues the district court erred and abused its discretion in denying his N.D.R.Civ.P. 60(b) motion.

[¶28] Our standard for reviewing a motion under N.D.R.Civ.P. 60(b) is generally for an abuse of discretion. *DCI Credit Servs., Inc. v. Plemper*, 2021 ND 215, ¶ 7, 966 N.W.2d 904. This Court, however, has also held that N.D.R.Civ.P. 60(b) is "inconsistent with the statutory appeal procedures of the Administrative Agencies Practice Act," does not apply to administrative appeals to the district court under N.D.C.C. ch. 28-32, and is in effect a nullity because the district court lacks the authority to entertain it. *Lewis v. N.D. Workers Comp. Bureau*, 2000 ND 77, ¶¶ 11, 13-14, 609 N.W.2d 445; *see also*

*Friends of Duane Sand-2012 v. Job Serv. N.D.*, 2016 ND 38, ¶ 6, 876 N.W.2d 433. *But see C & K Consulting, LLC v. Ward Cnty. Bd. of Comm'rs*, 2020 ND 93, ¶ 11, 942 N.W.2d 823 (holding the rationale of *Lewis* and *Friends of Duane Sand* did not apply because of limited statutory framework for appeals from local governing bodies).

[¶29] We conclude *Lewis* applies in this case because it involves an administrative appeal under N.D.C.C. ch. 28-32. The district court properly dismissed Dr. Schmitz's N.D.R.Civ.P. 60(b) motion on remand.

## VIII

[¶30] The district court's judgment and Board's final order, adopting the ALJ's recommended order for summary judgment, are reversed. The case is remanded to the Board to conduct an evidentiary hearing on its claims against Dr. Schmitz and to supplement the administrative record.

[¶31]  Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte

13