**MASSEY–FERGUSON CREDIT CORPO-
RATION, Plaintiff and Appellant,**

v.

**Clifford ORR, Defendant and Appellee,**

and

**James River Valley Mutual Insurance
Company, Defendant.**

**Civ. No. 870190.**

Supreme Court of North Dakota.

Feb. 25, 1988.

Weiss, Wright & Paulson, Jamestown, for plaintiff and appellant; argued by Terence J. Paulson, Jamestown.

Gilje, Greenwood & Dalsted, Jamestown, for defendant and appellee; argued by Charles J. Gilje, Jamestown.

MESCHKE, Justice.

Massey–Ferguson Credit Corporation appealed from a special jury verdict denying a deficiency on a secured indebtedness after repossession and sale of two combines. Because the jury's answers to the special verdict are inconsistent and cannot be reconciled, we reverse and remand for a new trial on both liability and the deficiency.

Clifford Orr purchased two Massey–Ferguson combines and attachments in June 1980. He signed a retail installment contract and security agreement, which was assigned to Massey–Ferguson Credit Corporation (hereinafter "M–F"). Orr failed to make timely payments. In 1982 he left the combines at an implement business, in an unsuccessful attempt to sell them. In early 1983, Orr became doubtful about the model year of the combines, a circumstance that could reduce their resale value, and contacted an attorney to make inquiries.

Orr's attorney wrote M–F, proposing that Orr would not resist repossession of the combines if M–F would consider that repossession as a full satisfaction of the balance due. In return, Orr would not seek damages for the decreased value of the allegedly misrepresented combines. Soon thereafter, M–F took possession of the combines and attachments, with the exception of a 20–foot table which Orr later sold. Orr claimed that he thought that M–F had accepted his offer. M–F gave notice, sold the collateral and applied the proceeds to the outstanding balance. A deficiency of nearly $20,000 remained, which Orr refused to pay. M–F sued for the amount of the deficiency, as well as for application of the proceeds of the 20–foot table on the deficiency.

Orr denied that he had defaulted, arguing accord and satisfaction, failure of consideration, release, and payment. He claimed that the combines he had purchased as 1980 models were actually 1979 models. He also argued that he had an agreement with M–F to voluntarily allow the repossession in return for M–F's not seeking a deficiency judgment.

At trial, using a special verdict, the jury found that the tractors were 1980 models and that there was no agreement between M–F and Orr waiving a deficiency judgment. The jury awarded M–F no damages. Without explanation, the trial court denied M–F's post-trial motions.

The form of special verdict submitted to the jury was not a model; it could have been better crafted. Both sides expressed reservations to the trial court, in chambers, about its design. In fact, counsel for Orr said, "I see them [the jury] getting all tangled up in the verdict form." The verdict form did not clearly address the matter of deficiency on the indebtedness after sale of the secured goods:

"1. Did defendant Clifford Orr receive two new Massey–Ferguson 750 combines from C & C Implement that were manufactured by Massey–Ferguson in 1980?

"ANSWER:  Yes
        (Yes or No)

"(If you answered the above question "No," proceed to Question No. 3. If you answered the above question "Yes," proceed to Question No. 2.)

"2. Was there an agreement between Massey–Ferguson Credit Corporation and Clifford Orr that Massey–Ferguson would take back the combines and other machinery and not seek a deficiency judgment?

"ANSWER:  No
        (Yes or No)

"(If you answered the above question "Yes," proceed to answer Question No. 3. If your answer to the above question is "No," proceed to answer Question No. 4.)

"3. Does defendant Clifford Orr owe Massey–Ferguson Credit Corporation anything for the 20 foot table which Massey–Ferguson alleges was not delivered to them?

"ANSWER:  ___
        (Yes or No)

"(If you answered the above question 'No,' do not answer the remaining question, but date and sign the verdict and return it in open court  If your answer to Question No. 3 was 'Yes,' proceed to

Question (a) following and then proceed to question No. 5.)

"(a) What amount, if any, does defendant Orr owe Massey–Ferguson for such 20 foot table?

"ANSWER: $___

"4. What amount of damages, if any, did Massey–Ferguson Credit Corporation sustain as a proximate result of defendant's breach of contract?

"ANSWER: $ 0

"5. Do you award the plaintiff interest?

"ANSWER:  No
        (Yes or No)"

However, the form of the special verdict has not been made the issue here. M–F does not complain about the wording or content of the special verdict. Rather, M–F argues that the failure to award "damages" was contrary to the evidence and the law, and that, for that reason, the trial court erred in denying M–F's motion for judgment notwithstanding the verdict or for a new trial.

The jury did not find an agreement between Orr and M–F that waived the latter's right to seek a deficiency judgment. NDCC 41–09–50(2) provides that a debtor is liable for a deficiency under most circumstances.[1] The terms of the security agreement provided for M–F's recovery of a deficiency. The jury was instructed: "If the sale proceeds are insufficient to satisfy the indebtedness, the debtor is liable for any deficiency, unless the parties have agreed otherwise." The record shows that a deficiency of nearly $20,000 existed. Yet the jury found no "damages." The evidence, and reasonable inferences therefrom, do not support that verdict. The "damages" verdict, in this case, was so inadequate as to be unsupported by evidence. *See Suburban Sales & Service, Inc. v. White*, 326 N.W.2d 873, 877 (N.D. 1982).

[1]. NDCC 41–09–50(2) reads:
"If the security interest secures an indebtedness, the secured party must account to the debtor for any surplus. If the collateral is a motor vehicle that is consumer goods, the debtor is not liable for any deficiency unless the secured party has provided the notice required under subsection 6 of this section. *In*

*all other cases, unless otherwise agreed, the debtor is liable for any deficiency.* But if the underlying transaction was a sale of accounts or chattel paper, the debtor is entitled to any surplus or is liable for any deficiency only if the security agreement so provides." (emphasis added).

Special verdicts are generally upheld on appeal whenever possible. A special verdict will be set aside only if perverse and clearly contrary to the evidence. *Tsudek v. Target Stores, Inc.,* 414 N.W.2d 466, 469 (Minn.App.1987). Moreover,

"... [t]he test to be applied in reconciling apparent conflicts between the jury's answers is whether the answers may fairly be said to represent a *logical and probable decision* on the relevant issues as submitted. If after a review of the district court's judgment no reconciliation is possible and the inconsistency is such that the special verdict will not support the judgment entered below or any other judgment, then the judgment must be reversed and the case remanded for a new trial." 5A Moore's Federal Practice ¶ 49.03[4], at 49–29 to 32 (1987). (emphasis added) (footnotes omitted).

After careful study of this special verdict, we conclude that its inconsistencies cannot be reconciled. North Dakota law authorizes a secured creditor to obtain a deficiency judgment when sale of repossessed collateral is insufficient to cover the secured debt, "unless otherwise agreed." Orr failed to prove an agreement otherwise and he also failed to prove any other defense, according to the jury's findings. It does not logically follow that M–F is not entitled to any recovery. The answers in the special verdict are inconsistent. They were not reconciled by any finding of the trial court, nor can we conceive a "deemed" finding that would reconcile them. *See* NDRCivP 49(a).

The special verdict, as answered, or rather, as not answered, also leaves Orr with the proceeds of the 20–foot table that M–F did not repossess and Orr had not fully paid for, though he kept it and sold it. It is not "a logical and probable decision" to not award any deficiency and to leave Orr with the proceeds from the sale of the table, given the jury's answers to the other special questions. It is impossible to determine, with any assurance, how or why the jury went wrong. Therefore, we conclude that this case must be remanded for a fresh determination of both liability and the amount of the deficiency.

We reverse and remand for a new trial on both liability and the amount of the deficiency.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.