**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**FARGO ASSEMBLY COMPANY,**
Defendant.

No. A3–99–27.

United States District Court,
D. North Dakota,
Southeastern Division.

Dec. 28, 2000.

Gabrielle Martin, Merrily S. Archer, Rita B. Kittle, Joseph H. Mitchell, U.S. Equal Employment Opportunity Com'n, Denver, CO, for plaintiff.

Maurice G. McCormick, Wayne W. Carlson, Lisa K. Edison-Smith, Vogel Kelly Knutson Weir Bye & Hunke, Ltd., Fargo, ND, for defendant.

## ORDER

WEBB, Chief Judge.

### I. Introduction

Before the Court are various motions in limine. First, plaintiff has moved to preclude admission of all evidence relating to Lammers' employment at Fiskars Power Sentry, where he worked prior to applying for the position at issue (doc. # 89). Second, plaintiff has moved to exclude all evidence it describes as "after-acquired" or, alternatively, for a bifurcation of liability and damages (doc. # 90). Defendant resists these motions (doc's # 100, 101). Finally, defendant has moved to exclude portions of plaintiff's expert's report and anticipated testimony (doc. # 92). Plaintiff resists this motion (doc. # 95). For reasons set forth below, the motions are **DENIED.**

### II. Analysis

The Court begins by noting its general reluctance to grant broad motions in limine. Many courts have agreed with this reluctance, noting the "better practice is to deal with questions of admissibility of evidence as they arise." See, e.g., *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.1975) (quoting *Olin–Mathieson Chemical Corp. v. Allis–Chalmers Mfg. Co.,* 438 F.2d 833 (6th Cir.1971)). This is because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." See *Koch v. Koch. Indus., Inc.,* 2 F.Supp.2d 1385, 1388 (D.Kan.1998). Wait-

ing to resolve such issues is especially appropriate when the motions turn on facts to be developed at trial. See *Deghand v. Wal–Mart Stores, Inc.,* 980 F.Supp. 1176, 1179–80 (D.Kan.1997). Thus, this Court is generally skeptical of broad motions in limine.

Notably, denial of a motion in limine does not end the evidentiary question presented. As a district court wrote,

> Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine.

*Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F.Supp. 1398 (N.D.Ill.1993) (citations omitted). Thus, a party whose motion in limine is denied is free to raise the issue again, but it must do so in the context of the trial, not in the abstract. *Id.* As set forth more specifically below, this is the proper resolution of the issues presented by the motions before the Court.

### A. Defendant's motion to exclude or limit testimony by plaintiff's expert witness

■ Defendant seeks to exclude parts of a report by plaintiff's expert concerning "her opinions, observations and purported legal conclusions on whether Defendant met its legal obligations under the [ADA] during the interview process of Lammers" and to prevent her from testifying to these subjects. (Def.'s Mot. in Limine at 2.) It argues this testimony exceeds the scope of an earlier order in this case, exceeds the

expert's qualifications, and invades the Court's province to instruct the jury on the law. *Id.*

Plaintiff resists the motion, noting that the report itself will not be offered into evidence and that the expert's testimony will concern areas on which she is qualified to testify and will not turn become legal instruction. (Pl.'s Resp. to Def.'s Mot. in Limine at 2–4.) It also urges that the planned testimony does not in any way violate the earlier court order. (*Id.* at 4.)

This motion demonstrates why this Court prefers to wait until trial to resolve such matters. Since the report itself will not be offered into evidence, only testimony is subject to the motion. Yet without hearing the expert's testimony and the questions asked by plaintiff's counsel, the Court has no way to evaluate whether any particular testimony is admissible, whether because it exceeds the scope of her expertise or for any other reason. Thus, the Court declines to limit her testimony in advance through a motion in limine.

Several factors further justify this decision. First, it is axiomatic that the Court will not allow an expert to testify outside of her area of expertise, which will have to be established at trial, or improperly to instruct the jury on the law. Further, defendant is free to object if, in the context of a specific question, the expert seeks to offer testimony which is inadmissible for any reason. Finally, defendant is free to examine the expert on any relevant topics, including her qualifications. Given these facts, there is no reason to grant a broad motion in limine. Thus, the motion is **DENIED.**

### B. *Plaintiff's motion to exclude the Fiskars evidence*

▉ Plaintiff seeks to exclude all evidence relating to Lammers' employment at Fiskars Power Sentry, including his personnel file and testimony from co-workers. (Pl.'s First Mot. in Limine at 1–2.) It urges first that this evidence is barred because it is "after acquired," a point addressed in greater detail below. It also argues under Federal Rules of Evidence 401, 402 and 403 that the evidence is not sufficiently probative of any fact in issue to outweigh its prejudicial, confusing and prolonging effect, based in part on an assertion that the evidence is contradictory. In short, plaintiff argues the two jobs are so different that meaningful comparison is impossible, and allowing the evidence will lead to a confusing "mini-trial." (*Id.* at 1–3.)

Defendant strenuously resists these arguments. It argues the evidence is relevant to the issue of Lammers' qualifications and is not outweighed by the risk of prejudice, making it admissible under Rules 401, 402 and 403. (Def.'s Resp. to Pl.'s First Mot. in Limine. at 2.) Further, it notes that while the Fiskars evidence contains some contradictions, it is in accord on key points. (*Id.*) Finally, defendant emphasizes that plaintiff seeks to use the fact of Lammers' employment at Fiskars as evidence that defendant should have hired him while seeking to exclude all facts about his employment there. (*Id.* at 4.)

As the Court will address further below, a critical question in this case is whether Lammers is able to perform the essential functions of the job with or without reasonable accommodation, a jury question on which he bears the burden of proof. *Treanor v. MCI Telecommunications Corp.,* 200 F.3d 570, 574 (8th Cir.2000). Under Rule 401, "relevant evidence" includes all evidence "having any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence." Whether plaintiff is qualified is clearly a fact of consequence in this action. Thus, the question is whether evidence of plaintiff's employment at Fiskars makes the

existence of this fact more or less probable.

It seems clear that it does, at least in the abstract. It is true Fiskars and Fargo Assembly are not the same in every respect, and it is specifically true that Fiskars cell system is different than the system at Fargo Assembly. Nevertheless, the machine plaintiff operated at Fiskars is similar to the one he applied to operate at Fargo Assembly, and the work done at the plants is similar. These differences do not require wholesale exclusion, however. Rather, plaintiff is free to examine on them and argue them to the jury.

Plaintiff's work experience at Fiskars is therefore relevant to his ability to do similar work at Fargo Assembly, bringing the evidence within the ambit of Rule 401. Since Rule 402 provides that all relevant evidence is generally admissible, the Fiskars evidence is presumably admissible in this case.

Plaintiff asserts, however, that the evidence is barred by Rule 403, which excludes otherwise relevant evidence "if its probative value is substantially outweighed" by a risk of unfair prejudice, confusion, or delay, among other factors. Plaintiff argues all these risks inhere in presentation of this evidence, requiring the Court to exclude it. The Court declines to do so. Objections to evidence may be made as they arise in the course of trial when the Court can evaluate the issues in context.

Finally, the Court rejects plaintiff's contention that the evidence is inadmissible because it is contradictory. If the evidence is confusing or misleading under Rule 403, it will be dealt with as discussed above. However, evidence is not inadmissible because it contradicts other evidence. Counsel can point out and examine on these contradictions and argue them to the jury. Thus, the motion to exclude the evidence is DENIED.

## C. Plaintiff's motion to exclude after-acquired evidence

Plaintiff also seeks to exclude, pursuant to *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995), all "after-acquired" evidence concerning Lammers' qualifications for the job at issue, amounting essentially to all facts not known by defendant when it made the hiring decision. (Pl.'s Second Mot. in Limine at 1–2.) This includes the previously discussed Fiskars evidence and Lammers' medical, vocational rehabilitation and Social Security records. (*Id.* at 4.) Alternatively, plaintiff seeks a bifurcation of the trial between liability and damages, with the after-acquired evidence admissible solely for damages. (*Id.* at 2.) Defendant strenuously resists this motion, arguing that the evidence is not excluded by *McKennon* and is relevant to the issues in the case. (Def.'s Resp. to Pl.'s Second Mot. in Limine at 1–2.)

Analysis of this issue requires a brief review of the relative legal burdens the parties face. First, plaintiff must make out a prima facie case by showing he is disabled within the meaning of the ADA, can perform the essential functions of the job with or without reasonable accommodation, and suffered an adverse work consequence because of his disability. *Treanor,* 200 F.3d at 574. If he does so, the burden shifts to the defendant to show a legitimate, nondiscriminatory reason for its action. *Miners v. Cargill Communications Inc.,* 113 F.3d 820, 823 (8th Cir.1997). Then, plaintiff may rebut the proffered reason and show that it is a pretext for discrimination. *Id.* At all times, however, the ultimate burden of persuasion lies with the plaintiff. *Id.*

Here, the parties agree Lammers is disabled. Thus, to make its prima facie case,

plaintiff must convince the jury that Lammers is able to do the job for which he applied, with or without reasonable accommodation, and it must do so by evidence sufficient to convince a reasonable juror to find for him on the issue. See *Buckles v. First Data Resources, Inc.,* 176 F.3d 1098, 1100–1102 (8th Cir.1999) (analyzing and reversing a jury verdict for an ADA plaintiff on the grounds that he had not established he was qualified for the job by sufficient evidence). If it cannot prove this fact, it cannot make out a prima facie case, and the burden never shifts to the defendant. See *Treanor,* 200 F.3d at 574 (discussing burden-shifting framework).

Of course, while plaintiff bears the burden of proving qualification, defendant is free to present evidence showing lack thereof. See *Buckles,* 176 F.3d at 1100–1101 (reviewing evidence defendant presented to show plaintiff not qualified). This issue often arises in the context of summary judgment, when a defendant seeks to prove that, as a matter of law, a plaintiff is not entitled to the protections of the ADA, but it remains true at trial. *Id.* Of course, any such evidence offered by defendant must meet the general tests for the admissibility of evidence: It must be relevant, not unduly prejudicial, have foundation, etc.

Here, the Court denied defendant's summary judgment motion (doc. # 78). In so doing, it held that plaintiff had created a fact question over whether Lammers was qualified to perform the job. It further rejected defendant's claim that Lammers' SSDI applications were inconsistent with pursuing an ADA claim, concluding a reasonably juror could find the two were not in conflict. Finally, the Court found plaintiff had established a fact question over whether defendant made its decision for discriminatory reasons. Now, plaintiff must convince the jury to resolve these fact questions in its favor before the burden shifts to the defendant.

Thus, to shift the burden to the defendant, plaintiff must at least convince the jury Lammers is able to do the job for which he applied, with or without reasonable accommodation. It is not incumbent on plaintiff merely to prove that the defendant did not know with certainty Lammers could not do the job, nor is it incumbent on defendant to prove Lammers could not do the job. However, this is what plaintiff's reliance on McKennon, which concerns an employer's knowledge of employee wrongdoing, seems to require. The Court rejects this interpretation of McKennon.

Crucial to this issue is that the evidence in McKennon was offered for a different purpose than that for which defendant offers the evidence here. In McKennon, the defendant conceded its discrimination against the plaintiff and offered the after-acquired evidence of plaintiff's wrongdoing as a legitimate reason for discharging her. 513 U.S. at 355, 115 S.Ct. at 883. Here, however, defendant has not in any way conceded liability. Rather, it seeks to use the evidence to undercut the plaintiff's proof that Lammers was qualified for the job. Further, the evidence concerns not an unrelated wrongdoing, as in McKennon, but an aspect of Lammers' prima facie case: His ability to perform the job. In short, defendant seeks to use this evidence, presumably along with other evidence, to prevent plaintiff from shifting the burden. It is not using it to justify an otherwise discriminatory decision. To this extent, the evidence is admissible.

The Court agrees that McKennon, and sound logic, prevent defendant from using after-acquired evidence as a legitimate reason for its actions after the burden shifts. It may not argue to the jury that it decided not to hire Lammers because of his failure at Fiskars—assuming it proves such failure—since it did not have that

information when it made its decision. However, it may argue the after-acquired evidence demonstrates Lammers is not entitled to ADA protection because he is not qualified. Plaintiff bears the burden of proving qualifications, without reference to knowledge by the defendant, and defendant may use any otherwise admissible evidence to undercut this proof.

The Court also declines to bifurcate the trial between damages and liability. Bifurcation is appropriate in a true McKennon situation because, while subsequently-obtained evidence of wrongdoing may not be used to prove or disprove liability, it may be relevant to determination of damages. See *McKennon*, 513 U.S. at 362, 115 S.Ct. at 886. Here, however, the subsequently obtained evidence may be used to establish liability, at least to the extent it bears on proving or disproving plaintiff's prima facie case. Thus, there is no reason to bifurcate the trial.

**IT IS SO ORDERED.**